GERARD J. WASSON
California Bar No. 166636
427 C Street, Suite 310
San Diego, California 92101
Telephone: (619) 232-0181
gerard.wasson@sbcglobal.net

Attorney for Lisa Wilson

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LISA ANN WILSON,<br><br>Defendant. | Criminal No. 22CR1357-JLS<br><br>Date: July 20, 2023<br>Time: 1:30 p.m.<br><br>NOTICE OF MOTIONS AND MOTIONS:<br><br>1. TO COMPEL DISCOVERY, and<br>2. LEAVE TO FILE FURTHER MOTIONS |

PLEASE TAKE NOTICE that the defendant, Lisa Wilson, through her attorney Gerard J. Wasson, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules, moves the Court for an order to compel further discovery and for leave to file further motions.

This motion is based upon the instant motion and notice of motion, the attached memorandum of points and authorities, and all other materials that may come to the Court's attention at the time of the hearing on these motions.

Respectfully submitted,

DATE: July 12, 2022

/s/ Gerard J. Wasson
GERARD J. WASSON
Attorney for Ms. Lisa Wilson

GERARD J. WASSON
California State Bar No. 166636
427 C Street, Suite 310
San Diego, California 92101
Telephone: (619)232-1081
gerard.wasson@sbcglobal.net

Attorney for Lisa Wilson

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 22CR1357-JLS |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR DISCOVERY |
| LISA ANN WILSON , | ) | |
| Defendant. | ) | |

**I.**

**STATEMENT OF FACTS**

In an Information, filed June 16, 2022, defendant Lisa Wilson was charged with a violation of 21 U.S.C. §§ 952 and 960: importation of fentanyl and cocaine.

**II.**

**MOTION TO COMPEL FURTHER DISCOVERY**

Ms. Wilson has received 144 pages and 2 DVDs of discovery in this case. She moves for the production of the following further discovery. This request includes discovery of which the government knows, and of which the government attorney may become aware through the exercise of due diligence. See Fed. R. Crim. P. 16.

(1) The Defendant's Statements. The defendant requests disclosure of all copies of any written or recorded statement made by her, any written record containing the substance of any oral statements made by her and any written

summaries of her oral statements contained in the handwritten notes of the government agent, any response to any <u>Miranda</u> warnings which may have been given to her, any response by her to interrogation, as well as any other statements by her. Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes, Audio and Video Tapes.</u> The defendant requests the government to turn over all arrest reports, notes, dispatch or any other tapes that relate to the circumstances surrounding her apprehension, arrest, and/or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(i).

(3) <u>The Defendant's Prior Record.</u> The defendant requests disclosure of her prior record, if any. Fed. R. Crim. P. 16(a)(1)(B).

(4) <u>Evidence Seized.</u> The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Tangible Objects.</u> The defendant requests the opportunity to review, inspect, and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, controlled substances, or copies of portions thereof, which are material to the defense or intended for use in the government's case or were obtained from or belong to her. Fed. R. Crim. P. 16(a)(1)(C).

(6) <u>Request for Preservation of Evidence.</u> The defendant requests the preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the

1 government and which relate to the apprehension or arrest, or the events leading to
2 the apprehension or arrest in this case, including, but not limited to, results of any
3 fingerprint analysis, the defendant's personal effects, vehicles, controlled substances,
4 and any other evidence seized from the defendant or any third party.

(7) <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(D), Ms. Wilson requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to the scientific chemical testing done upon the drugs seized in this case to determine if it was fentanyl and cocaine, and any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

(8) <u>Expert Witnesses.</u> The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case. Fed. R. Crim. P. 16(a)(1)(E).

(9) <u>Brady Material.</u> The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(10) <u>Giglio Information.</u> The defendant requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

(11) Henthorn Material. The defendant requests that the government examine the personnel files of all government agents who may testify in this action for Brady material. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Herring, 83 F.3d 1120 (9th Cir. 1996).

(12) Informants and Cooperating Witnesses. The defendant requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a witness in this case or otherwise participated in the crime charged against Ms. Wilson. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id.

(13) Jencks Act Material. The defendant requests production at least three weeks in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. Disclosure of this discovery at least three weeks prior to trial will also enable Ms. Wilson to prepare in limine motions in a timely manner, and to prepare adequately for trial.

(14) Any Proposed 404(b) Evidence. The defendant requests prior notice of any other acts that the government intends to introduce in its case-in-chief, through impeachment, or in its rebuttal case. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b); United States v. Vega, 188 F.3d 1150 (9th Cir. 1999).

///
///
///
///

## III.
## **LEAVE TO FILE FURTHER MOTIONS**

As information comes to light, due to the government providing discovery in response to these motions or an order of this Court, the defense will find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

## IV.
## **CONCLUSION**

For the reasons stated above, Ms. Wilson respectfully requests that the Court grant the foregoing motions.

Respectfully submitted,

DATE: July 12, 2022

/S/ *Gerard J. Wasson*
GERARD J. WASSON
Attorney for Lisa Wilson