PS8D
(09/20)

July 22, 2022

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## AMENDED Petition for Warrant for Defendant on Pretrial Release

**Name of Defendant:** Lisa Ann Wilson  **Dkt No.:** 3:22-cr-01357-JLS-1

**Reg. No.:** 01812-510

**Name of Judicial Officer:** The Honorable Janis L. Sammartino: , U.S. District Judge (matter referred to the Honorable Jill L. Burkhardt U.S. Magistrate Judge)

**Date Conditions Ordered:** May 19, 2022, before the Honorable Jill L. Burkhardt, U.S. Magistrate Judge

**Charged Offense:** 21:952,960-Importation of Fentanyl (Felony), 21:952,960-Importation of Cocaine (Felony)

**Conditions of Release:** The defendant must not violate federal, state, or local law during the period of release; the defendant must cooperate in the collection of a DNA sample as authorized by 42 U.S.C. § 14135a; the defendant must appear in court as ordered and surrender as directed to serve any sentence; the defendant must not possess a firearm, destructive device, or other dangerous weapon; the defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. The defendant must not use or possess marijuana under any circumstances; the defendant must report to the U.S. Pretrial Services Office (telephone (619) 557-5738) on the day of the initial court appearance or within 24 hours of the defendant's release from custody, whichever is later. Throughout this case, the defendant must report as directed by the Pretrial Services Office and follow all directions of the Pretrial Services Office; the defendant must advise the Court or the Pretrial Services Office in writing of: (1) the defendant's current residence address and phone number, when first reporting to Pretrial Services; and (2) any new contact information, before making any change of residence or phone number; the defendant must read this Pretrial Release Order and the "Advice of Penalties and Sanctions" form, or have them read to the defendant in the defendant's native language. The defendant must acknowledge the defendant's understanding of all the pretrial release conditions and the penalties and sanctions for any violations, by signing the "Advice of Penalties and Sanctions" form. Restrict travel to: San Diego County; do not enter Mexico; travel may be expanded within the State of California at the discretion of Pretrial Services Additional Conditions: actively seek or continue full time employment. schooling, or a combination of both, reside with a family member, surety, or at a residence approved by the Pretrial Services Office, including any contract facility, submit to psychological/psychiatric treatment at Pretrial Services discretion, submit to submit to drug testing and/or treatment no more than 6 times per month and/or outpatient substance abuse therapy and counseling, as directed by the Pretrial Services office , participate in and complete a program of inpatient substance abuse therapy and counseling, as directed by the pretrial Services office, Defense Counsel must notify Pretrial Services upon submission of bond paperwork; defendant to be released from custody to Pretrial Services the following business day by 10:00 a.m. once a bed space is available at a residential treatment facility.

**Modification:** None.

**Date Released on Bond:** July 6, 2022

**Next Court Hearing:** July 26, 2022, at 9 a.m., for an Order to Show Cause Hearing before your Honor

**Asst. U.S. Atty.:** Elizabeth F. Brown  **Defense Counsel:** Gerard Jeffrey Wasson  (appointed)
619-546-8921  619-232-0181

**Prior Violation History:** On July 8, 2022, Pretrial Services informed the Court, the defendant left Correctional Alternatives, Inc. (CAI) without permission, after unsuccesfully entering a residential drug treatment program. On that date, your Honor issued a no bail bench warrant for the defendant, and the defendant was arrested by the United States Marshal Service at our office.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The Pretrial Services officer believes the defendant has violated the following condition of pretrial release:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| Reside with a family member, surety, or at a residence approved by the Pretrial Services Office, including any contract facility | 1. On July 8, 2022, the defendant left Correctional Alternatives, Inc. (CAI) without permission, as evidenced by information received from CAI staff. |

*Grounds for revocation:*

On July 5, 2021, the Court set conditions of release to include "reside with a family member, surety, or at a residence approved by the Pretrial Services Office, including any contract facility." On July 6, 2022, the undersigned reviewed conditions of release with Ms. Wilson and she acknowledged her understanding of them.

On July 5, 2022, during a bond hearing before your Honor, the defendant notified the Court she had successfully secured bedspace at the Vista Balboa Crisis Center for July 6, 2022. On that date, our office determined the program was appropriate for the defendant and did not oppose her release from custody. Your Honor ordered the defendant to be released from custody to Pretrial Services for placement at the Vista Balboa Crisis Center on July 6, 2022.

On July 6, 2022, the defendant was released from custody. Ms. Wilson informed she missed the 'calling window' to secure her bedspace at the Vista Balboa Crisis Center program on July 5, 2022, and therefore no longer had bedspace secured at the treatment facility. On the same date, our office contacted the Vista Balboa Crisis Center and they confirmed there was no bedspace available for the defendant.

Pretrial Services contacted multiple residential drug treatment programs, in efforts to secure bedspace for the defendant. Our office secured a telephonic intake screening appointment for the defendant on

July 11, 2022, at 2:00 p.m. at KIVA Residential Drug Treatment Program. KIVA staff indicated the defendant may be admitted into their residential treatment program as soon as the following week if she meets the required criteria. Ms. Wilson was directed to reside at Correctional Alternatives, Inc. (CAI) pending placement at the KIVA residential program. The defendant acknowledged understanding she was to remain at CAI until bed space was secured with a residential treatment program.

On July 8, 2022, Pretrial Services received notice from CAI staff the defendant walked out of the facility at 8:08 a.m., without staff approval. The undersigned then contacted the defendant's friend, Nancy Morehead, who advised she spoke with the defendant prior to leaving CAI. Ms. Morehead indicated the defendant was suffering from suicidal ideations and was not receiving her medications at CAI. Ms. Morehead further noted the defendant is seeking bedspace with Halcyon Center, a short-term mental health residential program.

Pretrial Services received notification from CAI Facility Director, Melissa Torres, the defendant's medications were delivered in the evening of July 7, 2022 and she was be able to access them. On July 8, 2022, the undersigned contacted Halcyon Center, and staff advised there is no bedspace available for the defendant at this time. On the same date, the undersigned made telephonic contact with the defendant who advised she was scared and felt she needed to leave CAI to seek better care. The defendant was instructed to report to the Pretrial Services office and was subsequently taken into custody.

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| The defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. | 2. The defendant used a controlled substacnce, as evidenced by a urine sample submitted by the defendant on July 8, 2022, which confirmed positive for the presence of methamphetamine |

*Grounds for revocation:*

On July 5, 2021, the Court set conditions of release to include "the defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription." On July 6, 2022, the undersigned reviewed conditions of release with Ms. Wilson who advised she understood.

On July 11, 2022, our office was notified the defendant submitted a urine sample on July 8, 2022, which screened positive for the presence of amphetamines. On this date, the defendant was taken into custody by the United States Marshal Service and was unavailable to discuss the positive results with Pretrial Services. Our office sent the positive result for confirmation on July 12, 2022. On July 21, 2022, our office was notified the defendant's urine sample confirmed positive for the presence of methamphetamine.

**SUPERVISION ADJUSTMENT**

The defendant's adjustment to supervision is assessed as poor. The defendant was released from custody and was unable to enter a residential treatment program as ordered by the Court. In efforts to assist with residential placement the defendant was instructed to remain at CAI, however she left without permission while pending admission into a residential treatment program. Additionally, the defendant used an illicit substance after being released from custody. Of note, our office verified the defendant is able to secure bedspace at Kiva residential treatment program on July 29, 2022.

## RECOMMENDATION/JUSTIFICATION

Pretrial Services respectfully recommends your Honor address these allegations at the Bond Revocation Hearing currently scheduled for July 26, 2022, at 9 a.m.

**I declare under penalty of perjury that the forgoing is true and correct.**

**Executed on:** July 22, 2022

Respectfully submitted:

Lori Garofalo
Chief U.S. Pretrial Services Officer

by _[signature]_
Jose A. Ortiz
U.S. Pretrial Services Officer
619-557-6266
San Diego, CA

Review and approved:

_[signature]_ Marisa Zvers
Marisa Zvers
Supervisory U.S. Pretrial Services Officer

**THE COURT ORDERS:**

__X__  **AGREE,** address these allegations at the Bond Revocation Hearing currently scheduled for July 26, 2022, at 9 a.m.

_____  Other

_[signature]_ Jill Burkhardt                              7/22/22
The Honorable Jill L. Burkhardt                            Date
U.S. Magistrate Judge